NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
PATRICK BARTELS and LYNCH,            )
MARTIN,                               )
                                      )
             Plaintiffs,              )
                                      )
       v.                             )
                                      )
HUDSON INSURANCE COMPANY,             )    Civil Action No.: 05-3890 (JLL)
                                      )
             Defendant,               )    **OPINION**
                                      )
       v.                             )
                                      )
DINAH HUBERT and JOHN HUBERT,         )
                                      )
             Third Party              )
             Defendants.              )
_____)

For the Defendant: Elliot Abrutyn (*Morgan Melhuish Abrutyn*)
                   Shaji M. Eapen (*Morgan Melhuish Abrutyn*)

For the Plaintiff: Gerald H. Clark (*Keefe Bartels Clark*)
                   Sarah J. Gurka (*Keefe Bartels Clark*)

**LINARES, District Judge.**

The instant matter comes before the Court on the June 25, 2008, motion [CM/ECF #41] of Defendant Hudson Insurance Company to dismiss the third count of the Amended Complaint filed by Plaintiffs Patrick Bartels and Lynch, Martin (collectively "Plaintiffs"). No oral argument was heard. Fed. R. Civ. P. 78. For the reasons set forth herein, Defendant's motion to dismiss is granted in part and denied in part.

1

## INTRODUCTION

The facts underlying this case relate to insurance defense on malpractice actions filed against the New Jersey law partnership Lynch, Martin and Plaintiff Patrick Bartels ("Bartels"), a member of same, who are the plaintiffs in the instant action. The first two counts of the Plaintiffs' Amended Complaint concern a malpractice claim filed on March 22, 2005. (Am. Compl. at 2-3.) Plaintiffs allege that Hudson Insurance Company ("Defendant" or "Hudson"), their professional malpractice carrier, failed to legally defend the case. (Id.) Hudson does not, however, ask that this Court address the first two counts of the Amended Complaint at this time.

The third count of the Amended Complaint is a class action claim concerning an additional two malpractice actions filed against Lynch, Martin. (Id. at 4.) Plaintiffs refer to these two cases collectively as the Kroll Litigation, and the Amended Complaint states that they were filed in December of 2005. (Id.) In the third count of the Amended Complaint Lynch, Martin maintains that Hudson failed to timely act in providing a defense to the law partnership in the Kroll Litigation, and, furthermore, that Hudson impermissibly applied legal fees and costs towards the amount of Lynch, Martin's deductible. (Id. at 4-5.)

Plaintiffs filed their initial action with this Court on August 5, 2005. Plaintiff sought leave to amend their complaint to add the Kroll Litigation claims on January 10, 2008. In their brief and proposed amended complaint, Plaintiffs did raise as a claim the Kroll Litigation, but did not assert a class action. (Pl. Br. of Jan. 10, 2008 at Ex. A.) Hudson opposed the amendment, asserting Plaintiff's lack of standing, violation of previous court orders, and the inapplicability of the New Jersey Consumer Fraud Act to insurers. (Def. Br. of Jan. 21, 2008 at 3, 5, 7.) The Honorable Claire C. Cecchi, U.S.M.J., granted leave to amend in an Order dated April 14, 2008.

Plaintiffs then amended their complaint, adding the class allegations in Count Three, on May 16, 2008. The class allegation added in the Amended Complaint is stated as follows:

> All New Jersey attorneys and/or New Jersey law firms that at any time between 2002 to present were charged by and paid to Hudson Insurance Company defense costs against any deductible amount under a legal malpractice policy of insurance written by Hudson Insurance Company, in contravention of N.J.A.C 11:13-7.3.

(Am. Compl. at 5-6.)  Hudson's motion to dismiss followed.

## DISCUSSION

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.[1]  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000).  However, courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997).  Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness.  See In re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

A sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v.

---

[1] In doing so, a court may look only to the facts alleged in the complaint and any accompanying attachments, and may not look at the record. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).

Twombly, 127 S.Ct. 1955, 1964-65 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Moreover, "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Id. Ultimately, however, the question is not whether plaintiffs will prevail at trial, but whether they should be given an opportunity to offer evidence in support of their claims. Scheuer, 416 U.S. at 236. With this framework in mind, the Court turns now to Defendant's motion.

**A.      Lynch, Martin's Standing to Pursue the Kroll Litigation Claim Under Rule 23**

Hudson's first argument is that Lynch, Martin, the sole plaintiff alleging count three, does not have standing to pursue it because Lynch, Martin does not satisfy the "typicality" prong of a class representative under Federal Rule of Civil Procedure 23(a)(3). (Def. Br. at 2.)

The issue of whether or not Lynch, Martin satisfies the typicality prong of the class certification analysis is interesting, but it is not directly relevant on a motion to dismiss. In re Westinghouse Sec. Litig., 90 F.3d 696, 718 n.22 (3d Cir. 1996) (finding that issue of whether plaintiff was representative was not relevant in the failure to state a claim analysis under Rule 12(b)(6)). Courts in this District do not, generally, dismiss class allegations under Rule 23 on a Rule 12(b)(6) motion to dismiss. Erhart v. Synthes (USA), No. 07-1237, 2007 WL 4591276, at *4 (D.N.J. Dec. 28, 2007); In re Hypodermic Prods. Antitrust Litig., No. 05-1602, 2007 WL 1959224, at *9, n.18 (D.N.J. June 29, 2007) (Linares, J.) (denying dismissal of class allegations for lack of standing prior to discovery). This Court, therefore, denies Hudson's motion to dismiss insofar as it is based upon Lynch, Martin's inability to meet the typicality requirement in a Rule 23 class action.

B.   **Lack of an Ascertainable Loss**

Hudson also argues that as Lynch, Martin never "paid any money" to it for defense costs, Lynch, Martin has not suffered the requisite "ascertainable loss" to have standing under N.J.S.A. 56:8-19, part of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq. (the "CFA"). (Def. Br. at 4.) In its reply brief, Hudson amplifies its argument to include a defense that it is excused from reimbursing Lynch, Martin for any fees incurred prior to notice. (Def. Reply Br. at 7.)

Standing under the CFA requires an "ascertainable loss," one that is "quantifiable and measurable" rather than "hypothetical or illusory." N.J.S.A. 56:8-1; Barows v. Chase Manhattan Mortg. Corp., 465 F. Supp 2d 347, 361 (D.N.J. 2006); Thiedemann v. Mercedes-Benz USA, LLC, 872 A.2d 783, 792-93 (N.J. 2005). A plaintiff need not, however, make a direct payment to the defendant in order to suffer an "ascertainable loss," but may allege out-of-pocket expenses or diminishment of value. Thiedemann, 872 A.2d at 793; Perkins v. DaimlerChrysler Corp., 890 A.2d 997, 1000 (N.J. Super. Ct. App. Div. 2006). Lynch, Martin's incurring legal expenses it need not have otherwise suffered satisfies the "ascertainable loss" test for standing under the CFA. See, e.g. Dibenedetto v. Sparta Transmissions & Auto Repair, Inc., No. 3448-05, 2007 WL 2580506, at *3, 5 (N.J. Super. Ct. App. Div. 2007) (finding that an out-of-pocket loss is an ascertainable one); Am. Compl. at 4.

With respect to the issue of timely notice, this Court is not in a position on a motion to dismiss to take into account the expansion of the record sought by Hudson. The Amended Complaint alleges that it "promptly forwarded" the papers in the Kroll litigation to Hudson. (Am. Compl. at 4.) The record on a motion to dismiss requires this Court to look only at the complaint and documents upon which the complaint relies. Jordan, 20 F.3d at 1261. Examining

5

the facts available on the posture of the instant motion, this Court is not in a position to rule on the adequacy of timely notice prior to discovery. To the extent that such an argument later becomes ripe at the summary judgment stage, Hudson is not precluded from making it at that time. Defendant's motion to dismiss is, therefore, denied to the extent that it relies upon Lynch, Martin's lack of statutory standing under N.J.S.A 56:8-19 or the untimeliness of the notice to Hudson.

C.   **Violation of Local Civil Rule 7.1(f)**

Hudson argues that Plaintiffs violated Local Civil Rule 7.1(f) by filing an amended complaint that differs substantially from that proposed in their papers on the motion to amend. (Def. Br. at 6.) Plaintiff, unsurprisingly, argues that the class allegation is a procedural device that need not have been provided in the copy of the complaint provided in the motion to for leave to amend. (Pl. Opp. Br. at 12.)

Local Civil Rule 7.1(f) states:

> Upon filing of a motion for leave to file an amended complaint or answer, a complaint in intervention, or other pleading requiring leave of Court, the moving party shall attach to the motion a copy of the proposed pleading or amendments and retain the original until the Court has ruled. If leave to file is granted, the moving party shall file the original forthwith.

Local Civ. R. 7.1(f). Local Rule 7.1(f) does not pose an absolute bar to amendment if a party does not provide the proposed pleading. City of Perth Amboy v. Safeco Ins. Co. of Am., 539 F. Supp 2d 742, 755 (D.N.J. 2008). The proposed amendment, however, is important in evaluating the original motion to amend, in particular the scope of the amendment. Failure to stay within

the scope of the proposed amendment infringes a "cardinal" rule of amending a pleading. U.F.C.W. Local 56 v. J.D.'s Market, 240 F.R.D. 149, 150 (D.N.J. 2007). Plaintiffs have had amendments stricken under Rule 12(f) when they add both claims and parties not envisaged by the initial motion to amend. U.F.C.W. Local 56, 240 F.R.D. at 154.

In their initial motion to amend, Plaintiffs did not present any class allegations to the Court, although they did present the remainder of the Kroll Litigation allegations. (Pl. Br. of Jan. 10, 2008 at Ex. A.) Contrary to Plaintiffs' contention that amending a pleading to include a class allegation is purely procedural, this Court construes such an amendment as one that seeks to add parties to a case. See U.F.C.W. Local 56, 240 F.R.D. at 154 (finding that adding a defendant in unapproved capacities exceeds scope of leave). Failure to present an amended pleading accurate in scope as to the parties and the claims fails to comply with Rule of Civil Procedure 15(a)(2), which requires leave of court for amendment after the initial phases of pretrial practice, as no meaningful leave of court has been obtained for an amendment not previously proffered to the Court. U.F.C.W. Local 56, 240 F.R.D. at 154. This Court finds that converting a CFA count in its proposed amended complaint into a class action CFA count in the amended complaint filed violates both Local Civil Rule 7.1(f) and Federal Rule of Civil Procedure 15(a), and that such violation requires dismissal of the amendment that is beyond the scope of the court's leave. The class allegations of the third count of Plaintiff's Amended Complaint are, therefore, dismissed.

**D.     Failure to State a Claim**

Finally, Hudson claims that Plaintiffs have failed to state a claim under the CFA because the CFA does not apply to the payment of insurance benefits by insurance companies. (Def. Br. at 9, 11.) Plaintiffs argue in opposition that the Honorable Claire C. Cecchi, U.S.M.J., already

ruled on the sufficiency of the Amended Complaint, and also that Hudson's reliance on certain New Jersey precedent is misplaced. (Pl. Opp. Br. at 15-18.)

This Court does not accept the proposition that the sufficiency of the Amended Complaint has already been decided. The order granting leave to amend is a summary order, that is not inclusive of findings of facts or conclusions of law. (Order of April 14, 2008.) In the absence of specific findings as to why the Amended Complaint suffices under Rule 12(b)(6), this Court will entertain Defendant's motion.

The parties disagree over the application New Jersey caselaw addressing the application of the CFA to insurance companies. Hudson avers that these cases establish the proposition that while the CFA can apply to insurance sales, it does not apply to the payment of insurance benefits. (Def. Br. at 11.) Plaintiffs argue that these cases stand for the proposition that the CFA can apply to insurance companies in multiple contexts, and that this matter presents just such a context. (Pl. Opp. Br. at 16-17.)

In Lemelledo v. Beneficial Management Corp. of America, the Supreme Court of New Jersey held that the CFA applied to the sale of loans in a "loan packing" scheme. 696 A.2d 546, 551-52 (N.J. 1997). The scheme in Lemelledo involved the addition of apparently mandatory loan insurance to a consumer loan. 696 A.2d at 548. The New Jersey Supreme Court found that the CFA covered both the provision of credit and the sale of insurance in the loan packing scheme. Id. at 551-52.

Although several lower court decisions in New Jersey had held at the time of Lemelledo that provision of insurance benefits was beyond the scope of the CFA, the Lemelledo court refused to weigh on the continued validity of those cases. Id. at 551, n.3. In refusing to reach the

issue of whether the CFA applied to the payment of insurance benefits, the New Jersey Supreme Court cited Rodio v. Smith, 587 A.2d 621, 624 (N.J. 1991). Lemelledo, 696 at 551 n.3. In Rodio, the Supreme Court of New Jersey first considered the conduct alleged under the CFA, and finding that the conduct could not support a CFA claim, refused to reach the issue of whether the CFA applied to the insurance industry. 587 A.2d at 624. As Lemelledo decided the issue reserved in Rodio—that given the proper factual predicate, the insurance industry could be subjected to the CFA—the reference to Rodio in Lemelledo with respect to the payment of insurance benefits under the CFA is best read as an admonition for courts applying the CFA not to apply industry-wide bans, but to look carefully to the conduct alleged under the language of the CFA.

This Court's conclusion about the meaning of Lemelledo when applied to CFA claims about the receipt of insurance benefits receives support from the analysis of the Third Circuit. In Weiss v. First Unum Life Insurance Co., the Court of Appeals ended its discussion of Lemelledo with this analysis, quoted in full due to its pertinence to this case:

> We do not share the District Court's conviction that the CFA and its treble damages provision are inapplicable to schemes to defraud insureds of their benefits. The CFA prohibits the "act, use or employment by any person of any unconscionable commercial practice ... in connection with ... the subsequent performance of such person as aforesaid." N.J. Stat. Ann. § 56:8-2. Here, Weiss has alleged that First Unum embarked on a fraudulent scheme to deny insureds their rightful benefits, clearly an unconscionable commercial practice in connection with the performance of its obligations subsequent to the sale of merchandise, i.e. payment of benefits. The CFA covers fraud both in the initial sale (where the seller never intends to pay), and fraud in the subsequent performance (where the seller at some point elects not to fulfill its obligations). We conclude that while the New Jersey Supreme Court has been silent as to this specific application of CFA, its

> sweeping statements regarding the application of the CFA to deter and punish deceptive insurance practices makes us question why it would not conclude that the performance in the providing of benefits, not just sales, is covered, so that treble damages would be available for this claim under the CFA.

482 F.3d 254, 266 (3d Cir. 2007). Weiss involved a recipient of disability insurance payouts who claimed that his insurer was engaged in an "illegal policy of rejecting expensive payouts to disabled insureds." 482 F.3d at 255. Although the Third Circuit found that New Jersey precedent was silent on whether insurance payouts were covered under the CFA, this Court is bound by the prediction in a reported opinion of the Third Circuit that the CFA would cover the provision of insurance benefits. Hudson challenges the legal sufficiency of the third count of the Amended Complaint purely on the basis that the "law of New Jersey is that the payment of insurance benefits is not subject to the Consumer Fraud Act." Hudson, however, does not dispute whether the particular claims made by Plaintiffs in fact state a claim under the CFA. Therefore, this Court finds that Hudson's ground for dismissal lacks merit under Weiss, 482 F.3d at 266, and must be denied. (Def. Br. at 11.)

## CONCLUSION

For the reasons heretofore given, Hudson's motion to dismiss is granted in part and denied in part. An appropriate Order accompanies this Opinion.

DATED: November 21, 2008               /s/ Jose L. Linares
                                       United States District Judge